1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARY J. PICKETT,

      Petitioner,

vs.

SCILLIA, *et al.*,

      Respondents.

Case No. 2:11-cv-01942-JCM-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  This matter comes before the court on the merits of the petition.

**I.  Procedural History**

    The underlying state court case arises from petitioner and a co-defendant committing a string of robberies between July and November 2009, in Las Vegas, Nevada.  Petitioner faced a host of criminal charges.  Petitioner waived a preliminary hearing and entered into a plea agreement. (Exhibit 3).[1]  Petitioner was convicted, pursuant to a guilty plea, of the following: burglary while in possession of a firearm (count I); conspiracy to commit robbery (count II); robbery with the use of a deadly weapon (count III); and possession of a firearm by an ex-felon (count IV).  (Exhibit 3). Petitioner also agreed to adjudication under the large habitual criminal statute.  (*Id.*)  At sentencing,

---

[1]  The exhibits referenced in this order are found in the Court's record at ECF No. 10.

1  the court adjudicated petitioner a habitual criminal based on seven certified judgments of prior

2  convictions.  (Exhibit 5, at p. 5).  At sentencing, petitioner was sentenced to 24-60 months

3  incarceration on count I; 24-60 months incarceration on count II; an adjudication of habitual

4  criminality, 10-25 years incarceration, on count III; and 24-60 months incarceration on count IV.

5  (*Id.*, at pp. 6-7).  Counts I and III run consecutively, while counts II and IV run concurrently.  (*Id.*).

6  A second amended judgment of conviction was filed on September 24, 2010.  (Exhibit 8).

7  Petitioner did not file a direct appeal.

8        On January 27, 2011, petitioner filed a post-conviction habeas petition and a brief in support

9  of the same, in the state district court.  (Exhibits 9 & 10).  Petitioner raised four claims: (1) trial

10  counsel was ineffective for advising petitioner to plead guilty; (2) his plea was not knowingly and

11  voluntarily made regarding the stipulation to habitual criminal treatment; (3) his right to due process

12  was violated when he was adjudicated a habitual criminal; (4) counsel was ineffective during his

13  sentencing hearing.  (*Id.*).  The trial court denied relief on the petition.  Petitioner appealed.  On May

14  9, 2011, the Nevada Supreme Court issued an order directing the state district court to enter a

15  written judgment or order regarding the post-conviction habeas petition.  (Exhibit 14).  On May 19,

16  2011, the state district court entered written findings of fact, conclusions of law, and order denying

17  the petition.  (Exhibit 15).  On October 5, 2011, the Nevada Supreme Court entered an order

18  affirming the denial of the post-conviction habeas petition.  (Exhibit 16).

19        Petitioner filed his federal habeas petition in this action on December 6, 2011.  (ECF No. 1).

20  Respondents have filed an answer.  (ECF No. 9).  Petitioner has filed a reply.  (ECF No. 14).  Most

21  recently, petitioner has filed a motion requesting a ruling on his petition.  (ECF No. 20).  The court

22  now considers the merits of the petition.

23  **II.  Federal Habeas Corpus Standards**

24        The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

25  provides the legal standard for the Court's consideration of this habeas petition:

26              An application for a writ of habeas corpus on behalf of a person in
                custody pursuant to the judgment of a State court shall not be granted
27              with respect to any claim that was adjudicated on the merits in State
                court proceedings unless the adjudication of the claim –
28

1          (1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as

2          determined by the Supreme Court of the United States; or

3          (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the

4          State court proceeding.

5       The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

6 in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

7 to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

8 decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

9 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the

10 Supreme Court's] cases" or "if the state court confronts a set of facts that are materially

11 indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

12 different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)

13 (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685,

14 694 (2002)).  The formidable standard set forth in section 2254(d) reflects the view that habeas

15 corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a

16 substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. ___, ___,

17 131 S.Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

18       A state court decision is an unreasonable application of clearly established Supreme Court

19 precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

20 governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

21 principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

22 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

23 than merely incorrect or erroneous; the state court's application of clearly established federal law

24 must be objectively unreasonable.  *Id.* (quoting *Williams*, 529 U.S. at 409).  In determining whether

25 a state court decision is contrary to, or an unreasonable application of federal law, this Court looks

26 to the state courts' last reasoned decision.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

27 *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

28

1    In a federal habeas proceeding, "a determination of a factual issue made by a State court

2  shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the

3  presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  If a claim

4  has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the

5  burden set in § 2254(d) and (e) on the record that was before the state court.  *Cullen v. Pinholster*,

6  131 S.Ct. 1388, 1400 (2011).

7  **III. Discussion**

8    **A.  Ground 1**

9    Petitioner alleges that his right to due process was violated because his plea was not

10  knowingly and voluntarily made.  Petitioner claims that he could not "stipulate" to habitual criminal

11  treatment.  Petitioner raised this claim in his state habeas petition and the Nevada Supreme Court

12  ruled that petitioner had misstated the law, and that Nevada law allowed a court to impose

13  adjudication of habitual criminality based on a stipulation.  (Exhibit 16, at p. 2).  The Nevada

14  Supreme Court further rejected the claim that his plea was not knowingly and voluntarily made, as

15  follows:

16        Appellant claimed that his plea was invalid because he was not
          personally canvassed about the habitual criminal adjudication process
17        and any rights he waived by stipulating to large habitual criminal
          treatment.  Appellant further claims that he felt pressured into
18        accepting the plea due to his co-defendant's acceptance of plea
          negotiations.
19
          Appellant failed to carry his burden of establishing that the plea was
20        not entered knowingly and intelligently.  State v. Freese, 116 Nev.
          1097, 1105, 13 P.3d 442, 448 (2000); Bryant v. State, 102 Nev. 268,
21        272, 721 P.2d 364, 368 (1986); see also Hubbard v. State, 110 Nev.
          671, 675, 877 P.2d 519, 521 (1994).  Appellant was properly and
22        personally canvassed about the terms of the negotiations and the
          potential penalties he faced by entry of the plea.  In entering his plea,
23        appellant acknowledged that is was being entered voluntarily.
          Therefore, we conclude that the district court did not err in denying
24        this claim.

25  (Exhibit 16, at p. 4).  The factual findings of the state court are presumed correct.  28 U.S.C. §

26  2254(e)(1).  Conclusory allegations will not overcome the presumption that the state court's

27  findings are correct.  *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000).

28

-4-

1    Under federal law, to be valid, a guilty plea must be knowing, voluntary, and intelligent.

2  *U.S. v. Brady*, 397 U.S. 742, 748 (1970).  A guilty plea must represent a voluntary and intelligent

3  choice among alternative courses of action open to a defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56

4  (1985).  Advice for a guilty plea does not require a description of every element of the offense.

5  *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted).  The court looks to what a

6  defendant reasonably understood at the time of the plea.  *U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir.

7  1986).  The record must demonstrate that the defendant understands that he is waiving his privilege

8  against self-incrimination, his right to a jury trial, and his right to confront accusers.  *Boykin v.*

9  *Alabama*, 395 U.S. 238, 243 (1969).  "Solemn declarations in open court carry a strong presumption

10  of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Anderson*,

11  993 F.2d 1435, 1438 (9th Cir. 1993) (defendant's statements, made in open court at time of his plea,

12  are entitled to great weight).

13    In the instant case, petitioner's claim that his plea was not knowingly and voluntarily made

14  is belied by the record.  In the justice court, petitioner stated that he understood the negotiation,

15  including that he would be adjudicated a habitual criminal as to the count of robbery with use of a

16  deadly weapon charge.  (Exhibit 1, at p. 3).  Petitioner signed a written guilty plea that set forth the

17  terms of the negotiation.  (Exhibit 3).  At his arraignment in the district court, the judge canvassed

18  petitioner about the plea agreement.  The agreement was again recounted and put on the record, and

19  petitioner stated that he understood that he was pleading to four charges, that he would receive a

20  habitual criminal sentence, and that he would receive a consecutive sentence of 12 to 30 years.

21  (Exhibit 4, at pp. 2-5).  Then, at sentencing, the judge recounted the agreement on the record.

22  (Exhibit 5, at p. 2).  When given a chance to add any additional information, petitioner confirmed

23  his understanding of the negotiated recommended sentence, telling the court that if it was inclined to

24  follow the negotiated recommended sentence, he had no further statement to make.  (Exhibit 5, at p.

25  5).  Petitioner was given the sentence that he bargained for: 12-30 years in state prison.  (Exhibits 5

26  & 8).  Thus, the Nevada Supreme Court's determination that petitioner's plea was voluntary and

27  knowing was correct.  Petitioner has failed to meet his burden of proving that the Nevada Supreme

28  Court's ruling was contrary to, or involved an unreasonable application of, clearly established

1   federal law, as determined by the United States Supreme Court, or that the ruling was based on an

2   unreasonable determination of the facts in light of the evidence presented in the state court

3   proceeding.  This court denies federal habeas relief as to ground 1 of the petition.

4       **B.  Ground 2**

5       Petitioner alleges that his due process rights were violated because he was improperly

6   adjudicated as a habitual criminal.  Respondents assert that the claim raised in ground 2 is

7   procedurally barred from review by this court.  Respondents further argue that, even if ground 2

8   were considered on the merits, the claim has no merit.

9           **1.  Ground 2 Is Procedurally Defaulted**

10              **a.  Procedural Default Principles**

11      In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a

12  state prisoner's failure to comply with the state's procedural requirements in presenting his claims is

13  barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state

14  ground doctrine.  *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails

15  to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural

16  requirements for presenting his federal claims has deprived the state courts of an opportunity to

17  address those claims in the first instance.").  Where such a procedural default constitutes an

18  adequate and independent state ground for the denial of habeas corpus relief, the default may be

19  excused only "if a constitutional violation has probably resulted in the conviction of one who is

20  actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from

21  it.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

22      A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established

23  at the time of the petitioner's purported default."  *Calderon v. United States District Court (Bean)*,

24  96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see*

25  *also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006).  A state procedural bar is

26  "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its

27  decision."  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).  A state court's decision is not

28  "independent" if the application of the state's default rule depends on the consideration of federal

-6-

law.  *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

### b.  Ground 2 of the Federal Petition Was Procedural Defaulted in State Court on Independent and Adequate State Grounds

In his federal petition, petitioner contends that his right to due process was violated because he was "improperly adjudicated as a habitual criminal."  (ECF No. 1, at p. 5).  Petitioner's claim in ground 2 is similar to a claim he raised in his state habeas petition.  (Exhibit 10).  The state district court applied the procedural bar of NRS 34.810 to the claim, because petitioner's claim could have been raised in a direct appeal, but no direct appeal was filed.  (Exhibit 15, at p. 4).  The Nevada Supreme Court found that this claim was barred, because claims challenging "that the district court improperly adjudicated him a habitual criminal" were outside the scope of a post-conviction petition arising from a guilty plea, specifically invoking the procedural bar of NRS 34.810.  (Exhibit 16, at p. 5).

The Ninth Circuit has held that the Nevada Supreme Court consistently applies the "raise it or waive it" bar set forth in NRS 34.810.  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  In the instant case, this Court finds that the Nevada Supreme Court's application of the procedural bar of NRS 34.810 was independent and adequate grounds for the court's dismissal of petitioner's claim.  Because ground 2 of the federal habeas petition asserts the same claim made in the procedurally defaulted state court habeas petition, ground 2 is procedurally barred and is subject to dismissal with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

### c.  Cause and Prejudice/Fundamental Miscarriage of Justice

To overcome a claim that was procedural defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted).

1    To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional

2 error of which he complains "has probably resulted in the conviction of one who is actually

3 innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S.

4 at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely

5 than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*,

6 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence'

7 means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623.

8 Petitioner can make a showing of "actual innocence" by presenting the court with new evidence

9 which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v.*

10 *Delo*, 513 U.S. at 324.

11    To demonstrate cause for a procedural default, the petitioner must "show that some objective

12 factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*,

13 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner

14 from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991). With respect to the

15 prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained

16 of] constituted a possibility of prejudice, but that they worked to his actual and substantial

17 disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v.*

18 *Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If

19 the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual

20 prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3

21 (9th Cir. 1988).

22    In this case, petitioner has not made a showing that this Court's failure to consider the

23 procedurally defaulted claim will result in a fundamental miscarriage of justice. Petitioner also has

24 not shown cause and prejudice to excuse the procedural default. This Court finds that the issues

25 raised in ground 2 of the federal petition were procedurally defaulted in state court, and petitioner

26 has failed to show either a fundamental miscarriage of justice, or cause and prejudice to excuse the

27 procedural default. As such, ground 2 of the petition is subject to dismissal with prejudice as

28 procedurally barred.

1    **2.  Ground 2 Fails on the Merits**

2          Even if the court did not find ground 2 to be procedurally barred and considered the claim on

3    the merits, petitioner is not entitled to relief.  Petitioner claims that the state court violated his right

4    to due process by adjudicating him a habitual criminal.

5          Nevada law provides that a certified copy of a felony conviction is "prima facie evidence of

6    conviction of a prior felony" for purposes of determining eligibility as a habitual criminal.  NRS

7    207.016 (5).  Petitioner argues that such a presumption is invalid under *Burgett v. Texas*, 389 U,.S.

8    109 (1967).  However, in *Parke v. Raley*, 506 U.S. 20, 31 (1992), the United States Supreme Court

9    upheld a repeat offender statute that found certified copies of prior judgments of conviction to be

10   presumptively valid.  Nevada's habitual offender statute is valid to the extent that it allows certified

11   copies of prior judgments to be presumed valid.

12         Petitioner asserts that one or more of the judgments of conviction were not certified.

13   Petitioner provides copies of the judgments he claims were used at the time of sentencing.

14   Petitioner's own documents are not certified, so it is not possible to accurately determine if they

15   truly reflect the documents provided to the court by the state at the time of sentencing.  Petitioner's

16   copies are not clear evidence sufficient to overcome the state court's findings of fact regarding the

17   prior convictions.

18         At the time of sentencing, the record indicates that the judgments of conviction were all

19   certified copies.  (Exhibit 5, at pp. 3-4).  The trial judge expressly stated that he reviewed the

20   judgments provided and determined that they were all certified copies of judgments of conviction.

21   (Exhibit 5, at p. 4).  The Nevada Supreme Court expressly found that at least five of the prior felony

22   convictions provided at the sentencing hearing contained "seals or certification stamps" were "more

23   than sufficient for large habitual criminal treatment."  (Exhibit 16, at pp. 2-3, n.2).  The factual

24   findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).

25         Petitioner also argues that at least two of the seven prior convictions were entered when he

26   was not represented by counsel.  Once a prior conviction is no longer open to direct or collateral

27   attack, a defendant "generally may not challenge the enhanced sentence through a petition under §

28   2254 on the ground that the prior conviction was unconstitutionally obtained.*"  Lackawanna County*

1    *District Attorney v. Coss*, 532 U.S. 394, 404 (2001).  The only exception is in cases where there is a

2    total denial of counsel with respect to the previous conviction pursuant to *Gideon v. Wainwright*,

3    372 U.S. 335 (1963).

4            Petitioner contends that two of his seven prior convictions were unable to be used to enhance

5    his sentence because he was not represented by counsel during those convictions.  Petitioner refers

6    to exhibits attached to his petition, which identify a conviction for grand larceny in case C143146

7    and a conviction for burglary in C145127.  The convictions both note petitioner to have been "in

8    propria persona" but "present with standby counsel."  Thus, petitioner was not wholly without

9    counsel.

10           Assuming the statements on the face of the convictions are accurate, petitioner was not

11   "wholly" without counsel – he had standby counsel for purposes of those two prior convictions.

12   There is no United States Supreme Court case that directly addresses whether standby counsel

13   constitutes "counsel" for purposes of a prior conviction that is later used to enhance a sentence

14   under a state's remedial recidivist statutes.  Absent such authority, there is no "clearly established

15   federal law" to be violated and habeas corpus relief is not possible.  *Carey v. Musladin*, 549 U.S. 70

16   (2006).

17           Moreover, there was no deprivation of counsel in the decision to plead guilty in either case.

18   Both convictions at issue arise from Clark County, Nevada, so obtaining records from the same is

19   fairly simple.  Doing so reveals that in case C143146, petitioner knowingly and voluntarily waived

20   his right to an attorney.  In case C145127, it may be that the judgment of conviction is in error, as it

21   appears that petitioner was represented by counsel at the time he entered his guilty plea in that case.

22   Thus, there was no improper deprivation of counsel and both convictions were properly considered

23   at the time of sentencing in this matter.

24           Finally, at noted by the Nevada Supreme Court, any error was harmless because even if the

25   two convictions were invalid, "as the other five convictions presented, which contain either seals or

26   certification stamps, were more than sufficient for large habitual criminal treatment.  NRS

27   207.010(1)(b); NRS 207.016(5)."  (Exhibit 16, at p. 3, n.2).  Indeed, Nevada law allows for the

28   imposition of the large habitual criminal sentence upon proof of three prior felony convictions.  At

1    least five valid convictions were presented to the court, and petitioner admitted in his plea canvass

2    that he had at least three prior convictions.  Therefore, any error did not have a substantial or

3    injurious effect on the court's decision, as even absent the two questioned convictions, petitioner

4    was still eligible for the large habitual criminal sentence.  The court denies federal habeas relief as

5    to ground 2 of the petition.

6         **C.  Ground 3**

7         Petitioner alleges that his counsel was ineffective in advising him to plead guilty.

8         Ineffective assistance of counsel claims are governed by the two-part test announced in

9    *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a

10   petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1)

11   counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced

12   the defense.  *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).

13   To establish ineffectiveness, the defendant must show that counsel's representation fell below an

14   objective standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there

15   is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

16   would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine

17   confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be

18   "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in

19   order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's

20   burden to overcome the presumption that counsel's actions might be considered sound trial strategy.

21   *Id.*

22        Ineffective assistance of counsel under *Strickland* requires a showing of deficient

23   performance of counsel resulting in prejudice, "with performance being measured against an

24   'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

25   *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

26   ineffective assistance claim, a federal habeas court may only grant relief if that decision was

27   contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,*

28

-11-

1  540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide

2  range of reasonable professional assistance.  *Id.*

3         The United States Supreme Court has described federal review of a state supreme court's

4  decision on a claim of ineffective assistance of counsel as "doubly deferential."  *Cullen v.*

5  *Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113,

6  129 S.Ct. 1411, 1413 (2009)).  In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We

7  take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of §

8  2254(d).'"  *Id.* at 1403 (internal citations omitted).  Moreover, federal habeas review of an

9  ineffective assistance of counsel claim is limited to the record before the state court that adjudicated

10  the claim on the merits.  *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.  The United States Supreme

11  Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding

12  claims of ineffective assistance of counsel:

13              Establishing that a state court's application of *Strickland* was
              unreasonable under § 2254(d) is all the more difficult.  The standards
14              created by *Strickland* and § 2254(d) are both "highly deferential," *id.*
              at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117
15              S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in
              tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at
16              1420.  The *Strickland* standard is a general one, so the range of
              reasonable applications is substantial.  556 U.S. at ___, 129 S.Ct. at
17              1420.  Federal habeas courts must guard against the danger of
              equating unreasonableness under *Strickland* with unreasonableness
18              under  § 2254(d).  When § 2254(d) applies, the question is whether
              there is any reasonable argument that counsel satisfied *Strickland's*
19              deferential standard.

20  *Harrington v. Richter*, ___U.S. ___, 131 S.Ct. 770, 788 (2011).  "A court considering a claim of

21  ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation

22  was within the 'wide range' of reasonable professional assistance."  *Id.* at 787 (quoting *Strickland*,

23  466 U.S. at 689).   "The question is whether an attorney's representation amounted to incompetence

24  under prevailing professional norms, not whether it deviated from best practices or most common

25  custom."  *Id.* (internal quotations and citations omitted).

26         Petitioner's claim that his counsel was ineffective for advising him to plead guilty was

27  addressed and rejected by the Nevada Supreme Court, as follows:

28

1
2
3
4
5

Appellant claimed that his trial counsel was ineffective for advising him to enter a guilty plea which included a stipulation to large habitual criminal treatment under NRS 207.010 for the robbery count. Appellant claimed that trial counsel failed to challenge the change in terminology employed to describe the negotiations, failed to adequately investigate the validity of his prior convictions, and failed to adequately advise him of the habitual criminal adjudication process and the potential penalties for habitual criminal adjudication.

6
7
8
9
10
11
12
13
14
15

Appellant failed to demonstrate that his trial counsel's performance was deficient. Appellant's argument that he was not permitted to enter into a stipulation as a matter of law was incorrect as NRS 207.016(6) permits a court to impose an adjudication of habitual criminality based on a stipulation. See also Hodges v. State, 199 Nev.479, 484, 78 P.3d 67, 70 (2003). No substantive change occurred between the preliminary hearing and the plea canvass in the terminology to describe the plea negotiations. Appellant was further correctly informed of the penalty for large habitual criminal treatment in the written guilty plea agreement and during the canvass. Further, appellant failed to demonstrate that he was prejudiced as appellant received a substantial benefit in the instant case. In exchange for a guilty plea to one count of burglary while in possession of a firearm, one count of conspiracy to commit robbery, one count of robbery with a deadly weapon, and one count of possession of a firearm by an ex-felon and a stipulation to large habitual criminal treatment for the robbery count with an agreed upon sentence of ten to twenty-five years, the State agreed to the dismissal of twenty additional felony counts. Therefore, we concluded that the district court did not err in denying this claim.

16   (Exhibit 16, at pp. 2-3). The factual findings of the state court are presumed correct. 28 U.S.C. §

17   2254(e)(1). Conclusory allegations will not overcome the presumption that the state court's

18   findings are correct. *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000). The Nevada Supreme

19   Court applied the correct *Strickland* standard and concluded that petitioner could not show prejudice

20   from any of counsel's alleged deficiencies. As noted by the Nevada Supreme Court, petitioner

21   received a massive benefit by entering into the plea deal – as many as twenty additional felonies

22   were dismissed as part of the plea deal. (Exhibit 16, at p. 2). Petitioner has failed to demonstrate

23   that his counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner

24   has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or

25   involved an unreasonable application of, clearly established federal law, as determined by the

26   United States Supreme Court, or that the ruling was based on an unreasonable determination of the

27   facts in light of the evidence presented in the state court proceeding. Federal habeas relief is denied

28   as to ground 3 of the petition.

-13-

**D.  Ground 4**

Petitioner claims that his counsel was ineffective at the time of sentencing.  The Nevada

Supreme Court addressed and rejected this claim, as follows:

> Appellant claimed that his trial counsel was ineffective for failing to
> investigate or present mitigating arguments at sentencing.  Appellant
> failed to demonstrate that he was prejudiced.  The district court
> imposed the sentence that appellant stipulated to receiving.  Appellant
> failed to demonstrate by a reasonable probability that the district court
> would have dismissed the count of habitual criminality or that he
> would have received a lesser sentence had trial counsel presented
> mitigating arguments at sentencing.  Therefore, we conclude that the
> district court did not err in denying this claim.

(Exhibit 16, at p. 4).  The factual findings of the state court are presumed correct.  28 U.S.C. §

2254(e)(1).  Conclusory allegations will not overcome the presumption that the state court's

findings are correct.  *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir. 2000).  The Nevada Supreme

Court applied the correct *Strickland* standard and concluded that petitioner could not show prejudice

from any of counsel's alleged deficiencies.  Petitioner has not specified what mitigating evidence, if

any, that he wished counsel had presented at sentencing.  Nothing from the record suggests that

petitioner was entitled to receive leniency from the court at sentencing.  Petitioner has not shown

prejudice, because he fails to show that the trial court would have imposed a sentence other than the

large habitual criminal enhancement if counsel had requested some other sentence.  Moreover, the

trial court received proof of prior convictions and analyzed them to determine that petitioner was

eligible for the habitual criminal enhancement.  As discussed earlier in this order, petitioner was

eligible for the large habitual criminal sentence whether or not the two challenged prior convictions

were excluded.  Petitioner has failed to demonstrate that his counsel's performance was deficient or

that he was prejudiced under *Strickland*.  Petitioner has failed to meet his burden of proving that the

Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the United States Supreme Court, or that the ruling was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding.  Federal habeas relief is denied as to ground 4 of the petition.

/ / / / / / / / / / /

/ / / / / / / / / / /

-14-

**IV.  Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no reasonable jurist would find this court's denial of the petition debatable or wrong.  The court therefore denies petitioner a certificate of appealability.

**V.  Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for a decision (ECF No. 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT**

DATED July 2, 2014.

UNITED STATES DISTRICT JUDGE

-15-